**SO ORDERED.**

**DONE and SIGNED December 19, 2016.**



_____
**JEFFREY P. NORMAN
UNITED STATES BANKRUPTCY JUDGE**
_____

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| Patrice Marie Murray | § | Case Number: 16-12000 |
| | § | |
| Debtor | § | Chapter 13 |

### ORDER DENYING *EX PARTE* APPLICATION FOR COMPENSATION

This matter is before the Court on the *Ex Parte* Application for Compensation and Expenses for Youngblood & Hodges (ECF No. 14) filed by the debtor's counsel on behalf of Youngblood & Hodges, A Professional Accounting Corporation ("Youngblood & Hodges" or "the applicant"). Youngblood & Hodges is seeking compensation in the amount of $255 to be paid as an administrative priority pursuant to 11 U.S.C. § 503(b). No parties objected to the application.

1

However, the Court had independent concerns and a hearing was held on December 14, 2016. For the following reasons, the application is denied.

## FACTUAL AND PROCEDURAL BACKGROUND

The applicant seeks compensation in the amount of $255 for accounting work it provided the debtor. Specifically, the applicant prepared the debtor's 2012, 2013, and 2015 State of Louisiana income tax returns, as well as the debtor's 2015 federal tax return. Upon review of the application and the attached invoices, it appeared that the services rendered by the applicant occurred pre-petition. Correspondingly, the professional fees would have been incurred pre-petition as well. The invoices (ECF No. 14, pgs. 4 and 5) showed invoice dates of November 7 and 9, while this bankruptcy case was not filed until November 10, 2016.

At the hearing, counsel for the debtor Keith Welch conceded that the tax accounting services at issue were completed pre-petition. He argued that the compensation should be approved under 11 U.S.C. § 503(b) as the services benefited the estate and were necessary in preparation for filing the bankruptcy case. Counsel's argument was that the pre-petition services should be compensated as an administrative priority expense if they were rendered in contemplation of the filing of the bankruptcy. Chapter 13 Trustee Todd Johns further argued that if such services were to be compensated as an administrative priority, the services should have some nexus with the bankruptcy case itself. Counsel and the Trustee cited several cases which they believed would be instructive.

## LEGAL ANALYSIS

Youngblood & Hodges is seeking to be compensated pursuant to 11 U.S.C. § 503(b). Specifically, 11 U.S.C. §503(b)(1)(A)(i) provides that an entity shall be allowed an administrative expense for the following:

2

> (1)(A) the actual, necessary costs and expenses of preserving the estate including-
> (i) wages, salaries, and commissions for services rendered after the commencement of the case.

As previously stated, counsel for the debtor argued that the applicant's services should be compensated as an administrative priority because the services benefited the estate and were performed in contemplation of the filing of the bankruptcy case.

Chapter 13 Trustee Todd Johns cited several cases which he believed would be informative in deciding this matter. First, he cited *In re George Worthington Co.*, 921 F.2d 626 (6th Cir. 1990). In that case, the official unsecured creditors' committee in a Chapter 11 bankruptcy case had appealed the bankruptcy court's denial of an application for reimbursement of administrative expenses it had filed. The bankruptcy court had held that there is no express provision in Section 503(b) of the Code which permits the reimbursement of administrative expenses to an official creditor's committee appointed pursuant 11 U.S.C. § 1102. The Sixth Circuit reversed the bankruptcy court and held that although there is not an express authority for such reimbursement in the Code, such reimbursement "is implied in the overall scheme for reorganization." *Id*. at 634. Mr. Johns also cited *In re Brendle's Stores*, 164 B.R. 523 (Bankr. M.D.N.C. 1994) which involved similar facts and an identical holding.

Neither of these holdings are relevant in this case. They do not address compensation for services performed pre-petition. All of the services the creditor's committees performed in both cases were performed post-petition. This Court does not dispute that the services Youngblood & Hodges performs for debtors may be reimbursed as an administrative priority under Section 503(b). The issue is whether those services can be compensated when they were performed before the bankruptcy case was filed.

Similarly, Mr. Johns cited a case out of the Southern District of Texas which held that accountants could be reimbursed pursuant to Section 503(b) for accounting services provided to debtors. *In re Fifer*, 2007 WL 1231677 (Bankr. S.D. Tex. 2007). In fact, the accountant in the *Fifer* case was seeking reimbursement for the preparation and filing of tax returns, which is exactly what Youngblood & Hodges is seeking in this case. However, in *Fifer*, the accountant performed the services post-petition. Specifically, the accountant performed the services during the case to help the debtor avoid dismissal. *Id.* Therefore, like the previous cases cited by Mr. Johns, the holding in *Fifer* is not relevant to the instant matter. The Court is not disputing that Youngblood & Hodges may be compensated for preparing and filing debtor tax returns; instead, the issue is whether the Court can award compensation when the services were performed pre-petition.

There are other cases, including one cited by Mr. Johns, which do squarely address the issue before this Court. In *In re Williams*, 246 B.R. 591 (B.A.P. 8th Cir. 1999), a Chapter 13 debtor had accrued post-petition mortgage arrears. After the case was dismissed, the mortgage creditor filed an application for compensation pursuant to 11 U.S.C. § 503(b) which stated these arrears should be paid as an administrative priority expense. The Eighth Circuit Bankruptcy Appellate Panel held, in part, that the application did not meet the standards under § 503(b). Specifically, the mortgage payment was an obligation incurred pre-petition. The panel stated that "[i]t is not sufficient that the payment became due after the petition date if the transaction was entered into prepetition." *Id.* at 594.

In another case, the Sixth Circuit ruled that only liabilities incurred post-petition are entitled to administrative priority under § 503(b). *Pension Benefit Guar. Corp. v. Sunarhauserman, Inc. (In re Sunarhauserman)*, 126 F.3d 811 (6th Cir. 1997). One interesting fact about the *Sunarhauserman* case is that the court bifurcated the request for compensation and did

4

allow compensation for those services performed post-petition, while disallowing compensation for services performed pre-petition.

The Court did not find any cases holding that claims for pre-petition services can be allowed as administrative priority claims under 11 U.S.C. § 503(b). The general reasoning in the cases this Court has cited is that § 503(b) is meant to induce potential creditors to engage with debtors in bankruptcy and provide useful services which benefit the estate. In this case, no bankruptcy estate even existed at the time Youngblood & Hodges performed its services. Section 503(b) simply does not contemplate compensation, such as that requested in this case, for services which were performed pre-petition. In fact, the only reason debtors' attorneys may be compensated out of the estate for pre-petition services is because 11 U.S.C. § 330(a)(4)(B) specifically permits such compensation. No such Code provision provides an exception for accountants such as Youngblood & Hodges.

## CONCLUSION

Code Section 503(b) does not contemplate the reimbursement of expenses as an administrative priority for accounting services performed pre-petition such as those provided by the applicant. In fact, several courts have specifically held that pre-petition services cannot be compensated under 11 U.S.C. § 503(b). All parties have acknowledged that the services performed by the applicant in this case were performed pre-petition; indeed, the invoices themselves show that the services were performed pre-petition. Therefore, the application must be denied. In future cases, applications such as this should be filed with attached invoices explicitly detailing when each service was performed; invoices that only contain a billing date will be insufficient. The Court will not allow compensation under 11 U.S.C. § 503(b) for those services performed prior to the filing of the bankruptcy case.

**ACCORDINGLY, IT IS ORDERED** that the *Ex Parte* Application for Compensation and Expenses for Youngblood & Hodges is denied.

###